IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:  Rhea Radford<br>3526 Landsdowne Court<br>Pearland, TX  77584<br><br>DEBTOR | CHAPTER 13<br><br>CASE NO. 22-33652-H1 |

## MOTION TO DISMISS OR CONVERT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee moves the court to Dismiss or Convert the above-referenced case for the following reasons:

__X__   The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan.

_____   Payments due pursuant to  U.S.C. § 1326(a)(1)  have not been made.

_____   Debtors failed to appear for the Meeting of Creditors and this constitutes a failure to appear in proper prosecution of the case for purposes of subsequent eligibility under 11  U.S.C. § 109.

__X__   The Debtors have not filed their Federal Income Tax return for the following years:  2020 AND 2021. Therefore the Debtors are not able to meet the burden of proving that the Plan complies with 11  U.S.C. § 1322 (a) (2).

_____   The Debtors have caused unreasonable delay that is prejudicial to the Creditors.

__X__   Other:   FAILED TO PROVIDE BUSINESS BUDGET; FAILED TO SUBMIT TO AN ACH/EFT DEDUCTION

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 21, 2023 AT  9:00 AM IN U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 404, 4TH FLOOR, HOUSTON, TX  77002-0000.  IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE DAYS AS FOLLOWS: 1.  FILE A RESPONSE WITHIN TWENTY ONE DAYS THAT SHOWS THAT THE ABOVE-CITED DEFICIENCY HAS BEEN CURED, OR 2.  FILE A RESPONSE WITHIN TWENTY ONE (21) DAYS THAT SHOWS THAT THE COURT SHOULD ALLOW YOU ADDITIONAL TIME TO CURE THE ABOVE-CITED DEFICIENCY.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND DISMISS OR CONVERT YOUR CASE.  IF THE DEFICIENCY IS FOR FAILURE TO FILE TAX RETURNS AND THE CASE IS DISMISSED, YOU WILL NOT BE ALLOWED TO FILE ANOTHER BANKRUPTCY CASE UNTIL ALL OF YOUR RETURNS ARE FILED.**

Wherefore, the Trustee requests that the case be dismissed or converted to Chapter 7 , whichever shall be determined in the best interest of creditors.

Dated: January 23, 2023

/s/ David G. Peake
David G. Peake
Standing Chapter 13 Trustee

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties (if listed) by mailing a copy of same to the address listed below via first class mail January 23 , 2023.

Electronically signed by
David G. Peake, Chapter 13 Trustee

| | |
|---|---|
| Debtor's Attorney of Record:<br>AARON W. MCCARDELL, SR<br>THE MCCARDELL LAW FIRM, PLLC<br>440 LOUISIANA SUITE 1575<br>HOUSTON, TX  77002 | Debtor:<br>Rhea Radford<br>3526 Landsdowne Court<br>Pearland, TX  77584 |
| AARON W. MCCARDELL, SR<br>THE MCCARDELL LAW FIRM, PLLC<br>440 LOUISIANA SUITE 1575<br>HOUSTON, TX  77002 | AES/TRUIST BANK<br>PO BOX 61047<br>HARRISBURG, PA  17106 |
| APPLIED BANK<br>4700 EXCHANGE COURT<br>BOCA RATON, FL  33431 | BARCLAYS BANK DELAWARE<br>PO BOX 8803<br>WILMINGTON, DE  19899 |
| BRAZORIA COUNTY<br>C/O MELISSA E VALDEZ<br>PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>1235 NORTH LOOP WEST SUITE 600<br>HOUSTON, TX  77008 | BRAZORIA COUNTY EMERGENCY SERVICES DISTRICT #5<br>C/O MELISSA E VALDEZ<br>PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>1235 NORTH LOOP WEST SUITE 600<br>HOUSTON, TX  77008 |
| BRAZORIA DRAINAGE DISTRICT #4<br>C/O MELISSA E VALDEZ<br>PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>1235 NORTH LOOP WEST #600<br>HOUSTON, TX  77008 | INTERNAL REVENUE SERVICE***<br>P O BOX 7317<br>PHILADELPHIA, PA  19101-7317 |
| MICHAEL ZIENTZ<br>MACKIE WOLF ZIENTZ & MANN PC<br>PARKWAY OFFICE CENTER STE 900<br>14160 NORTH DALLAS PARKWAY<br>DALLAS, TX  75254 | PEARLAND ISD<br>C/O MELISSA E VALDEZ<br>PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>1235 NORTH LOOP WEST SUITE 600<br>HOUSTON, TX  77008 |
| SELECT PORTFOLIO SERVICING, INC.<br>PO BOX 65250<br>SALT LAKE CITY, UT  84165 | SPECIAL ROAD & BRIDGE DISTRICT<br>C/O MELISSA E VALDEZ<br>PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>1235 NORTH LOOP WEST SUITE 600<br>HOUSTON, TX  77008 |

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-33652-H1 |
| | § | |
| Rhea Radford | § | |
| | § | |
| | § | |
| DEBTOR | § | |
| | § | CHAPTER 13 |
| | § | |

## ORDER OF DISMISSAL

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

   (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

   (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

   (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

   (d) Fourth, the balance in any other Reserve account to the Debtor;

   (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

   (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

   (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order.  The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of  (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

_____
MARVIN ISGUR
United States Bankruptcy Judge